IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>v.   )<br>)<br>)<br>TUCKER DESMOND )<br>) | No. 1:24-cr-417 (CKK) |

### REPLY TO OPPOSITION TO MOTION TO MODIFY CONDITIONS OF RELEASE

Tucker Desmond, through undersigned counsel, replies to the government's opposition to his motion to modify the conditions of pretrial release.

### PROCEDURAL BACKGROUND

Mr. Desmond was released on conditions on May 19, 2025. ECF No. 93-1. As a condition of his release, the Court required Mr. Desmond to report for supervision to Santa Ana in the Central District of California. ECF No. 93 at 2. Mr. Desmond was further limited to the use of one smartphone, to be approved by the supervisory agency. *Id.* at 3.

Between May 23 and June 9, 2025, undersigned counsel communicated with Pretrial Services in California and DC. Pretrial services represented to counsel, without elaboration, that "for effective monitoring" by the Central District of California, the device had to be an Android. Therefore, Mr. Desmond would not be permitted to possess an iPhone.

On June 12, 2025, undersigned counsel reached out to AUSA Kevin Rosenberg regarding this issue, asking if Mr. Rosenberg objected to us moving to modify conditions so that Mr. Desmond could possess an iPhone. The government did not respond to our email. Having heard nothing from the government for five days, Mr. Desmond filed the motion to modify

conditions. ECF 151. At the status hearing on June 20, 2025, the government was not aware of the filing of the motion or counsel's email. On Sunday, June 22, 2025, the government filed its opposition. ECF 159.

For the reasons that follow, the government has failed to meet its burden to show that Mr. Desmond cannot be adequately monitored if he possesses an iPhone.

## ARGUMENT

"Under the Bail Reform Act, a defendant must be released pretrial 'subject to the least restrictive … condition, or combination of conditions, that … will reasonably assure the appearance of the person as required and the safety of any other person and the community.'" *United States v. Irizarry*, No. 22-3028, 2022 WL 2284298, at *1 (D.C. Cir. June 24, 2022) (omissions in original) (quoting 18 U.S.C. § 3142(c)(1)(B)); *see also United States v. Lee*, No. 21-cr-303-ZMF, 2025 WL 208609, at *1-2 (D.D.C. Jan. 15, 2025) (describing standard to modify conditions of release). The government bears the burden of showing, with record evidence, that the defendant's proposed conditions are inadequate. *See United States v. Munchel*, 991 F.3d 1273, 1282-83 (D.C. Cir. 2021) (emphasizing the fact-specific nature of the inquiry); *United States v. Owens*, 541 F. Supp. 3d 102, 116 (D.D.C. 2021) ("defendants are entitled to an individualized determination of dangerousness based on the discrete facts before the court"); *Lee*, 2025 WL 208609, at *3 ("While the Court is tasked with predicting the future, this is not Minority Report. There has to be credible evidence of future danger to justify related release conditions.").

The government does not address Mr. Desmond's actual request. Mr. Desmond does not, contrary to the government's pretense, ask for a total cessation of monitoring. Quite the opposite. He does not challenge the fact that any new device or email address must be monitored. The government's non-response fails to establish that Mr. Desmond is subject to the least restrictive conditions of pretrial release.

The government describes the charges against Mr. Desmond, before making other accusations against Mr. Desmond. The only real evidence put forward consists of "a sampling" of unidentified "conversations" by two other persons, neither of whom accuse Mr. Desmond of any illegal activity. The defense takes a significantly different view of the evidence than that presented by the government. More importantly, however, the government does not link any of its accusations to the conditions of Mr. Desmond's pretrial release. The Court should not "make pre-sentence release rulings based on global judgments about all defendants charged with offenses [of a particular type], rather than on an individualized assessment of safety concerns or flight risks presented by a defendant [him]self." *Lee*, 2025 WL 208609, at *3 (quotations and alterations omitted).

Finally deigning to address the motion at issue, albeit briefly, the government asserts that "[p]ermitting Mr. Desmond to use an unmonitored phone … allows him to engage in the type of conduct that led to the instant charges." ECF 159 at 4. Yet, it begs the question that Mr. Desmond is requesting "to use an unmonitored phone." But Mr. Desmond does not challenge the monitoring of the iPhone. ECF 151 ¶ 7. Presumably, the government is implicitly asserting that the Central District of California could not monitor an iPhone, but it does not explain why not. The government's counsel does not represent on the record that such monitoring is impossible or even particularly difficult. Indeed, the government does not even describe its efforts to find out whether the Central District of California can monitor an iPhone, if it undertook any such efforts at all. The idea that US Pretrial Services all over the country (including this District) are able to monitor iPhones, but the Central District of California is not, raises serious questions. Without further support in the record, this Court should not simply conclude that an iPhone cannot be monitored.

3

The government does not even contend that a new email address would be unmonitored, but opposes Mr. Desmond's request all the same, even though Mr. Desmond is required to seek out or maintain employment. ECF No. 93 at 2. Nevertheless, in the hopes of assisting the court, Mr. Desmond will provide "more information on Mr. Desmond's 'employment.'" ECF 159 at 1. Mr. Desmond will be employed as a sales manager at Warehance, which provides warehouse management software to help brands and services increase efficiency. It has no connection with any of the other defendants. Mr. Desmond does not yet have a company email address but, with the Court's permission, he will notify pretrial services once it has been created. There is no risk that Mr. Desmond will use the email address for any form of illicit communications.

Mr. Desmond respectfully submits that the Court should grant his request for a modification of release conditions.

Respectfully submitted,

By: /s/ Eugene Gorokhov
Eugene Gorokhov (D.C. Bar No. 979785)
*Counsel for John Tucker Desmond*
BURNHAM & GOROKHOV, PLLC
1634 I Street NW, Suite 575
Washington, DC 20006
Tel: (202) 386-6920
Fax: (202) 765-2173
eugene@burnhamgorokhov.com

## CERTIFICATE OF SERVICE

I hereby certify that I filed a copy of the foregoing via ECF, which automatically sends a copy to all counsel of record.

Respectfully submitted,

By: /s/ Eugene Gorokhov
Eugene Gorokhov (D.C. Bar No. 979785)
*Counsel for John Tucker Desmond*
BURNHAM & GOROKHOV, PLLC
1634 I Street NW, Suite 575
Washington, DC 20006
Tel: (202) 386-6920
Fax: (202) 765-2173
eugene@burnhamgorokhov.com