UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    v.<br><br>TUCKER DESMOND (14),<br><br>    Defendant. | Criminal Action No. 24-417-14 (CKK) |

**MEMORANDUM OPINION & ORDER**
(June 27, 2025)

Defendant Tucker Desmond seeks an order modifying his conditions of release to allow him to (1) possess and use an Apple iPhone and (2) use a second email account for work with his new employer, the software company Warehance. Def.'s Mot., ECF No. 151. The Government opposes this request, arguing that Mr. Desmond's existing conditions are appropriate and well-tailored to the facts and circumstances of Mr. Desmond's case. Gov't's Opp'n, ECF No. 159. The Court will **GRANT IN PART** and **DENY IN PART** Mr. Desmond's motion, allowing Mr. Desmond to have a second email address for work purposes but otherwise leaving his conditions of release unchanged.

I.

Mr. Desmond is released on conditions pending trial on charges of racketeering conspiracy, money laundering conspiracy, and obstruction of justice. *See* Superseding Indictment, ECF No. 50. The Government alleges that Mr. Desmond engaged in sophisticated cybercrimes and later obstructed justice in this case by destroying two of his alleged coconspirators' computers and cell phones, presumably to prevent the Government from obtaining digital evidence from those devices. *See id.* The Government further alleges that Mr. Desmond has, since his arrest, been communicating with his alleged coconspirators and others about, among other things, who might

1

be a cooperating witness for the Government in this case. *See* Gov't's Mot. at 1. Finally, the Government proffers evidence that Mr. Desmond has, since his arrest, been involved in the production of a documentary about events related to the alleged crimes charged in this case. *See id.* at 2–4.

## II.

The Court shall deny Mr. Desmond's request for a modification of his conditions of release to allow him to use an Apple iPhone.

Mr. Desmond's request appears to be based in part on a misunderstanding about the device-monitoring program that the Court concluded was a necessary and appropriate condition of his release. Mr. Desmond protests that it is unreasonable to conclude that the Pretrial Services Agency in the Central District of California cannot monitor an iPhone if ordered to do so, highlighting the fact that the Pretrial Services Agency in this District often monitors defendants' use of iPhones. *See* Def.'s Reply at 3. However, the monitoring of iPhones performed in this District consists of periodic manual inspection of devices, not continuous electronic monitoring. *See United States v. Edelman*, No. 24-cr-239, 2024 WL 5093496, at *9–10 (D.D.C. Dec. 12, 2024) (CKK) (describing the Pretrial Services Agency's representations on this point at a hearing). The Pretrial Services Agency in the Central District of California *can* conduct continuous electronic monitoring of mobile phones—but not of Apple iPhones. That limitation of the Pretrial Services Agency's monitoring capabilities has been brought to the Court's attention at an earlier phase of this litigation. *See* ECF No. 106 at 2.[1]

---

[1] The nature of the charges and proffered evidence against Mr. Desmond distinguishes him from his alleged coconspirator, Mr. Joel Cortes, who also reports to Pretrial Services in the Central District of California, and whose conditions of release this Court recently modified to remove the device-monitoring condition with the consent of the Government. *See* Order, ECF No. 143. Unlike Mr. Desmond, Mr. Cortes is not charged with obstruction of justice. *See* Superseding Indictment, ECF No. 50. Nor has the Government alleged that Mr. Cortes used electronic devices to contact his alleged coconspirators and discuss the possible existence of cooperating witnesses.

Because of that limitation, the only way Mr. Desmond can use an iPhone is if this Court either (1) removes the phone-monitoring condition altogether or (2) modifies the phone-monitoring condition to subject Mr. Desmond only to periodic manual inspections. Mr. Desmond disclaims any interest in the former modification. Def.'s Reply at 2 ("Mr. Desmond does not . . . ask for a total cessation of monitoring."). And he has not given the Court reason to adopt the latter. Mr. Desmond represents that without an iPhone, he cannot access "important data," including "documents, contact information, and even his email address" because all of that information is "linked to his iCloud account" and cannot be accessed without "a device that is compatible with iOS security features." Def.'s Mot. at 2. But Mr. Desmond does not explain why the data he describes in his motion is "important" or why he needs immediate access to it through an iPhone. Given that Mr. Desmond is charged with using electronic devices to carry out sophisticated cybercrimes and obstructing justice by destroying alleged coconspirators' devices, Mr. Desmond's mere assertion that his iCloud account holds "important" data does not outweigh the significant interests served by the electronic device monitoring condition that the Court has imposed.

Based on Mr. Desmond's history and characteristics, the Court adopted the Pretrial Services Agency's recommendation that continuous monitoring through the Computer Monitoring Program was a necessary and appropriate condition of release. The Court did so because it concluded that continuous electronic monitoring of Mr. Desmond's devices is the "least restrictive" monitoring condition that is consistent with reasonably assuring Mr. Desmond's future appearance and the safety of the community. *See* 18 U.S.C. § 3142(c)(1)(B). Because Mr. Desmond's request to use an iPhone would require a significant change to that important condition of his release, the Court shall deny it.

### III.

Mr. Desmond's request to use a second email account in connection with his new employment presents less of a concern, provided that he complies with the Pretrial Services Agency's protocols for effective supervision of his new account. Mr. Desmond's conditions of release already include a requirement that he "disclose any new . . . accounts . . . [or] passwords . . . to the Supervising Agency prior to the first use." *See* Order Setting Conditions of Release, ECF No. 93, at 3. Consistent with this condition, the Court shall grant Mr. Desmond's request to use a second, employer-provided email account, contingent on Mr. Desmond first providing the Pretrial Services Agency with his username and password, authorizing the Pretrial Services Agency to review and monitor his use of the new account, and coordinating with the Pretrial Services Agency to comply with any other necessary protocols.

### IV.

For the foregoing reasons, it is hereby **ORDERED** that Mr. Desmond's [151] Motion to Modify Conditions of Release is **GRANTED IN PART** and **DENIED IN PART**, as follows:

- Mr. Desmond's conditions of Release are **MODIFIED** by adding the following condition:

    - Mr. Desmond may use one email account supplied by his new employer, Warehance, provided that he discloses the username and password for this email account to the Supervising Agency prior to the first use of the account and authorizes the Supervising Agency to use his login credentials to review and monitor his use of the account at any time, without prior notice.

- Mr. Desmond's request to modify his conditions of release to allow him to use an Apple iPhone is **DENIED**.

**SO ORDERED.**

**Dated:** June 27, 2025



_____
COLLEEN KOLLAR-KOTELLY
United States District Judge